UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 01 C 6159 |
| v. ) | |
| ) | Judge Lefkow |
| STANLEY TURNER, GAIL TURNER and ) | |
| BRANDY TURNER, ) | |
| ) | |
| Defendants. ) | |

**FIRST AMENDED COMPLAINT**

Plaintiff, the United States of America, by PATRICK J. FITZGERALD, United States Attorney for the Northern District of Illinois, brings this action for triple damages and civil penalties under the False Claims Act, 31 U.S.C. § 3729, *et seq.* and in the alternative, for repayment under theories of payment by mistake and unjust enrichment.

**Jurisdiction and Venue**

1. This court has jurisdiction over this matter pursuant to 31 U.S.C. § 3730(a) and 28 U.S.C. § 1345.

2. Venue is proper in the Northern District of Illinois pursuant to 31 U.S.C. § 3732(a), 28 U.S.C. § 1391, and 28 U.S.C. § 1395(a).

**Parties**

3. The plaintiff is the United States of America on behalf of the United States Department of Education ("the Department").

4. Defendants, Stanley and Gail Turner, are domiciliaries of the State of Illinois and reside at 7336 S. Paxton Ave., Chicago, Illinois, 60649.

5. Defendant Brandy Turner is a domiciliary of the State of Illinois and resides at 3865 Guthrie, East Chicago, Illinois 46312.

**Factual Background**

6. The United States provides student financial assistance in the form of Pell Grants and Supplemental Education Opportunity Grants (SEOG) to eligible students to help defray the costs of their education following high school.

7. The Pell and SEOG Grant programs are authorized by the Higher Education Act, Title IV, Part A. The Pell and SEOG Grant programs are administered by the Department and provide federal monies to eligible post-secondary students in financial need.

8. To qualify for Pell and SEOG Grants, students must meet financial eligibility requirements. The post-secondary institution determines a student's eligibility for grants based on the student's financial need, which involves an evaluation of income. If a student has been supported by his or her parents in the previous year, then the student is considered a dependent student and the parents' income for the previous year is used to determine financial need.

9. The post-secondary institution acts as the disbursement agent for the Department. Pell and SEOG Grant funds received from the Department are credited to the student's account and applied against tuition costs by the post-secondary institution.

10. In 1995 - 2000, the Brandy Turner was supported by the her parents, Stanley and Gail Turner, and therefore was considered a dependent student.

11. In 1995 - 2000, to apply for student financial assistance for Brandy Turner, the defendants submitted a financial aid application to the government using false income information.

Based on the defendants' false income information, Brandy Turner received several Pell Grants and SEOGs.

12. But for the defendants' false statements and claims, Brandy Turner would not have received student financial aid.

13. As a result of the defendants' actions, the government has been damaged in the amount of $10,328.

## Count I

## False Claims Act — False Claims

14. Plaintiff repeats and realleges each allegation set forth above in paragraphs 1 through 13 as if set forth fully herein.

15. By virtue of the acts described above, in 1995 - 2000, the defendants knowingly presented, or caused others to present, to an officer, employee or agent of the United States false or fraudulent claims to obtain payment or approval in violation of the False Claims Act, 31 U.S.C. §§ 3729-3733.

16. As used in this count, the term "knowingly" means that the persons, with respect to information, (a) have actual knowledge of the information; (b) acts in deliberate ignorance of the truth or falsity of the information; or (c) acts in reckless disregard of the truth or falsity of the information.

17. Plaintiff paid the false or fraudulent claims because of the acts of the defendants and, as a result, the United States has incurred actual damages in the amount of $10,328, exclusive of interest and costs.

18. Pursuant to the False Claims Act, 31 U.S.C. § 3729(a)(1), as amended, the defendants may be liable to the United States under the treble damage and civil penalty provision of the False Claims Act for a civil penalty of not less than $5,000 and not more than $10,000 for each of the false or fraudulent claims herein, plus three (3) times the amount of damages which the United States has sustained because of the defendants' actions.

## Count II

### Payment By Mistake

19. Plaintiff repeats and realleges each allegation set forth above in paragraphs 1 through 13 as if set forth fully herein.

20. Plaintiff made payments on the claims submitted by the defendants under the erroneous belief that the claims for payment were based upon representations which were factually accurate and which represented actual amounts of income.

21. Plaintiff's erroneous belief was material to the payments made by plaintiff to the defendants.

22. Because of these mistakes of fact, the defendants have received monies to which they are not entitled.

23. By reason of the overpayments described above, plaintiff is entitled to damages in the amount of at least $10,328.

## Count III

### Unjust Enrichment

24. Plaintiff repeats and realleges each allegation set forth above in paragraphs 1 through 13 as if set forth fully herein.

25. Because of the defendants' conduct, the defendants have been unjustly enriched with federal monies which in good conscience they should not be allowed to retain.

26. The defendants have been unjustly enriched to the detriment of the United States in the amount of $10,328.

### Claim For Relief

WHEREFORE, plaintiff, the United States of America demands judgment against the defendants as follows:

(a) on Count I (False Claims), judgment against the defendants for treble the government's single damages of $10,328;

(b) on Count II (Payment by Mistake), judgment against the defendants for single damages, pre- and post-judgment interest, and any such further relief as the court deems appropriate; and

(c) on Count III (Unjust Enrichment), judgment against the defendants for single damages, pre- and post-judgment interest, and any such further relief as the court deems appropriate.

Respectfully submitted,

PATRICK J. FITZGERALD
United States Attorney

By: *(signature)*
KURT N. LINDLAND
Assistant United States Attorney
219 South Dearborn Street
Chicago, Illinois 60604
(312) 353-4163